NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-92

MICHAEL CAL CLARY AND CATHERINE ANN HIXON CLARY

VERSUS

STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-2657
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy H. Ezell, John E. Conery, and D. Kent Savoie, Judges.

AFFIRMED.

**Hunter William Lundy**
**Matthew E. Lundy**
**Daniel A. Kramer**
**Max E. Guthrie**
**Lundy, Lundy, Soileau & South, LLP**
**Post Office Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Michael Cal Clary**
    **Catherine Ann Hixon Clary**


**Mark Nolan Mallery**
**Lisa Diane Hanchey**
**Jacob C. Credeur**
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
**701 Poydras St., Suite 3500**
**New Orleans, LA 70139**
**(504) 642-3840**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **State Farm Mutual Automobile Insurance Company**
    **State Farm Life Insurance Company**
    **State Farm Fire and Casualty Company**
    **State Farm General Insurance Company**
    **State Farm VP Management Corporation**
    **State Farm Bank**
    **F.S.B. Insurance Placement Services, Inc.**
    **Patrick White**
    **Kimberly Rollins White**


**Robert Jefferson David, Jr.**
**Alyse S. Richard**
**Juneau David, APLC**
**Post Office Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **David Haymon**
    **Gene Haymon**


**Tiffany Powers**
**Michael Barry**
**Michael Kenny**
**Alston & Bird, LLP**
**1201 W. Peachtree St.**
**Atlanta, GA 30309-3424**
**(404) 881-7000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **State Farm Mutual Automobile Insurance Company**
    **State Farm Life Insurance Company**
    **State Farm Fire and Casualty Company**
    **State Farm General Insurance Company**
    **State Farm VP Management Corporation**
    **State Farm Bank**
    **F.S.B. Insurance Placement Services, Inc.**
    **Patrick White**
    **Kimberly Rollins White**

**SAVOIE, Judge.**

The Defendants-Appellants, State Farm Mutual Automobile Insurance Company; State Farm Life Insurance Company; State Farm Fire and Casualty Company; State Farm General Insurance Company; State Farm VP Management Corporation; State Farm Bank, F.S.B.; and Insurance Placement Services, Inc.; Patrick White; and Kimberly Rollins White (hereinafter, collectively, State Farm Defendants), and Defendants-Appellants, David Haymon and Gene Haymon (hereinafter collectively the Haymon Defendants), separately appeal the trial court's denial of their motions seeking to stay discovery pending the Louisiana Supreme Court's decision on applications for supervisory review of the trial court's and this court's denial of their exceptions of partial no cause of action. For the reasons assigned, we affirm the trial court's decision to deny the stay.

As stated above, this matter was previously before this court to review the trial court's denial of exceptions of partial no cause of action that sought the dismissal of the Clarys' claims based on violations of the Louisiana Antitrust Statute, La.R.S. 51:122, and the Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 51:1401, et seq. This court affirmed the trial court's ruling. This court wrote:

> In their twenty-four page petition, the Clarys sought damages against the defendants based on a number of causes of action, including breach of contract; detrimental reliance in contract; conspiracy in restraint of trade in violation of the antitrust statute; violations of LUTPA; intentional infliction of emotional distress, and conspiracy to intentionally inflict emotional distress; conspiracy to punish the Clarys for filing a complaint with the Louisiana Department of Insurance (Insurance Department), i.e., being a "whistleblower"; breach of contractual *stipulation pour autri*; and loss of consortium. All of these causes of action arise from the same

factual background. Still, the only two at issue in this appeal are the antitrust and LUTPA causes of action.

*Clary v. State Farm Mut. Auto. Ins. Co.*, 16-168, p. 3 (La.App. 3 Cir. 11/23/16), 204 So.3d 1102, 1107. The Defendants have filed writ applications with the Louisiana Supreme Court challenging the denial of these exceptions.

Based upon the arguments set forth in the briefs and oral argument before this court, while the Defendants were pursuing appellate review of the ruling on their exceptions, attempts at discovery have also been pursued by the Plaintiffs. The Defendants filed motions aimed at having the trial court stay all discovery in the case until the supreme court rules on their writ applications. The trial court denied the request, stating, "Pursuant to telephone conference Court advised parties that the motion was DENIED ex parte with the trial court deferring to reviewing court." Therefore, the Defendants have filed appeals seeking a stay from this court.[1]

Defendants contend that a stay of all discovery is proper because the scope of discovery will be directly affected by the ruling to be issued by the supreme court as to whether the Plaintiffs have stated causes of action for violations of the antitrust law and LUTPA. Although the Defendants refer to all discovery, the only specific discovery referenced both in this court and in the trial court are the depositions of the Haymon Defendants.

"It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse." *Moak v. Illinois Cent. R.R. Co.*, 631

---

[1] Louisiana Revised Statutes 51:135 states, in pertinent part, "All interlocutory judgments in the cases affected by this Part, and not otherwise provided for, shall be appealable." No party to this action has raised any issue challenging this court's jurisdiction to hear the issues presented in this appeal.

So.2d 401, 406 (citations omitted). This court recognized in *Clary*, 204 So.3d 1102, 1107, that all of the causes of action set forth or attempted to be set forth in the Clarys' petition "arise from the same factual background." As pointed out by the Clarys in their brief filed in this appeal and in oral argument before this court, the fact depositions of the Haymon Defendants will be necessary regardless of the supreme court's ruling on the exceptions of partial no cause of action. Also, as noted by the Clarys, even if the supreme court were to reverse this court and the trial court, unless no amendment could be made to the petition to state causes of action based on the antitrust statute and LUTPA, the Clarys would be entitled to attempt to amend the petition to state causes of actions based on these statutes.

The trial court's ruling states that this matter was decided following a telephone conference call. Thus, no hearing was conducted in court, and no evidence was introduced into the record. The Defendants point out that the trial court's ruling states that the trial court is "deferring to reviewing court," but does not state explicitly to which reviewing court the trial court is deferring. Regardless, the trial court's ruling clearly states that the motions were being denied. We find that, on the showing made by the State Farm Defendants and the Haymon Defendants, they have failed to show that they are entitled to a stay of discovery. Therefore, finding no showing of a clear abuse of discretion, we affirm the trial court's ruling.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.